Porter, J.
delivered the opinion of the court. Amelung, sheriff of Baton Rouge, having several executions in his hands on judgments obtained against E. F. Hall, in order to satisfy the same, levied on a mulatto wench, who is claimed by the plaintiff in this suit as her property.
She exhibits a private act, attested by one witness, which was afterwards recorded in the office of the parish judge, at Baton Rouge. It is in the following words, viz.—
*650 East'n District.
Jan. 1823.
“ Know all men by these presents, that I, Elisha F. Hall, lieutenant of the 7th reg’t U. S. infantry, at the fort of Baton Rouge, this 4th day of June, 1814, presented and gave unto Miss Mary Lucas M’Guire, of this place, a mulatto girl named Grace, about nine years, which girl I bought of col. Phillip Hickey, of this parish, in consequence of said Mary Lucas M’Guire’s services as house keeper, and, I do, by these presents, relinquish all nay right and title for ever, of said mulatto girl, Grace, for her own use and benefit for ever.
(Signed) E. F. Hall.”
There was judgment against her in the district court, and she appealed.
The cause has been submitted without argument, and our attention, on perusing the record, is first arrested by bills of exceptions.
The first is to the refusal of the district judge to receive the instrument, just recited, as evidence of a sale. In this opinion we think he did not err. for, to constitute that contract, it is necessary, that a thing be given for a price in current money. Civil Code. 344, art. 1.
The second is to the opinion of the judge rejecting parol proof of ownership and possession, unless to establish that the plaintiff *651 had acquired the slave by inheritance; and in which opinion we concur, so far as it went to exclude any other evidence of title hut that by writing, unless in the case of descent. As to possession, parol evidence was properly offered to establish it, and as it appears from the statement of facts, was indeed received.
The third hill of exceptions was taken to the decision of the judge refusing to permit the plaintiff to prove the value of the services, mentioned in the act already referred to, and we think correctly taken; for, unless the plaintiff was refused permission to give such proof, on the ground that, as the cause then stood, it was not necessary for her to make it, we are clear that there was error in rejecting the testimony offered.
The contract by which the plaintiff claims, is one of those which, though not forming the contract of sale, clearly resembles it, or rather, it is nothing else but a dation en paiement, which differs in few particulars from a sale. Pothier denominates an act, such as that now under consideration, La donation rémunératoire, and with his accustomed accuracy tells us : "Lorsqu'une donation rémunératoire est faite pour récompense de services mercenaires appreciables a *652 prix d'argent, et pour lesquels celui qui les a rendus auroit action afin d'en obtenir la recompense : si la valeur des choses données n'excede pas celle des services, une telle donation quoiqne qualifée du nom de donation parl'acte qui en a été paseé, n'a de donation que le nom, et c'est une veritable dution en paiement." Pothier. Traite de Vente. 607. The act before us, is certainly quite distinct from that of a pure and simple donation, to which if was likened by the judge of the first instance, and he erred in holding it void, because it wanted the forms required by law to give validity to such contracts. It is one of mutual interest, not of beneficence. Pothier on obligations, n. 12.
If the case therefore required it. we would remand the cause, to give the plaintiff an opportunity of proving the consideration; but neither the pleadings, nor the evidence taken, renders it necessary to do so. Fraud is not alleged by the creditors in the answer; the only fact, put at issue is title. No proof was given on trial, that the conveyance was made to defraud the defendants. On the contrary, the execution of the act under which the plaintiff claims, is established to have been six years before the property was levied on by the sheriff: and it is in evidence, that she, once *653 in this space of time, hired the slave out as her own, and that she was considered in the family, and acknowledged by Hall, to be the property of the petitioner.
As to the objection of want of title in Hall, at the time he made the conveyance, it is sufficient to remark, that admitting this objection could be made by any other than the purchaser, which we much doubt, still a want of title in the vendor does not make void a conveyance of property, if he afterwards acquire the right of the true owner. This question lately received our most serious consideration, and we see no reason to change the opinion expressed in the case of Bonin vs. Eyssaline, ante, 188.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed, that the plaintiff do recover of the defendants the possession of the slave mentioned in the petition, and that tie injunction granted by the district court be made perpetual, saving, however, to the defendants all the rights which the law gives them, in case the conveyance or sale to the plaintiff was made to defraud them. *654 And it is further ordered, adjudged and decreed, that the defendants pay costs in both courts.
Duncan for the plaintiff, Eustis for the defendants.